UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BERNELL EDWARD KELLY,

                              Plaintiff,

v.                                                             Case No. 18-cv-1493-pp

DEPARTMENT OF CORRECTIONS, *et al.*,

                              Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING THE COMPLAINT (DKT. NO. 1)**

       The plaintiff, a former Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights at the Dodge Correctional Institution. This decision resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    The plaintiff's motion to proceed without prepaying the filing fee (Dkt. No. 2)**

       The Prison Litigation Reform Act ("PLRA") applies to this action because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The law allows a court let an incarcerated plaintiff proceed without prepaying the civil case filing fee if he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On October 9, 2018, the court ordered the plaintiff to pay an initial partial filing fee of $1.12. Dkt. No. 9. The plaintiff court received that fee on October 22, 2018. The court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee and will require him to pay the remainder of the filing fee over time as he is able.

## II. Screening the complaint

The PLRA requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court may dismiss a case, or part of it, if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

2

Federal courts follow the two-step analysis in Twombly to determine whether a complaint states a claim. Id. at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions not supported by facts "are not entitled to the assumption of truth." Id. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id. The court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A. Facts Alleged in the Complaint

The plaintiff has sued the Department of Corrections, Miss Bowie, HSU staff, K. Johnson HSU manager and Cpt. A. Schultz. Dkt. No. 1 at 1. He alleges the following:

> The D.O.C. in DCI they gave me the wrong pills and they did nothing for 7 hours 8-23-18 at 6:45 AM right after breakfast it happened in my cell in the seg unit cell 27 you have to ask them because I really don't know but I would like to know because they are messing with health.

Id. at 2-3. The plaintiff wants the HSU staff to pass out medications instead of guards; he believes he would not have gotten the wrong medication if the HSU staff passed out the medications. Id. at 4.

B. Analysis

To state a claim under 42 U.S.C. §1983, the plaintiff must allege that someone deprived him of a right under the Constitution or laws of the United States and whoever deprived him of that right was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)).

The plaintiff's complaint cannot proceed as it is for several reasons. First, he has sued the Department of Corrections. "[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. §1983." Johnson v. Supreme Court of Ill., 165 F.3d 1140, 1141 (7th Cir. 1999). This means that "[n]either the State of Wisconsin nor the State's Department of Corrections is a proper defendant." Andreola v. Wisconsin, 171 F. App'x 514, 515 (7th Cir. 2006). The plaintiff cannot sue the Department of Corrections, and the court will dismiss it as a defendant.

Second, a person can't be liable under §1983 unless that person was personally involved in the constitutional deprivation. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). "An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." Id. (quoting Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982). He "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." Id. (quoting Jones v. City of Chi., 856 F.2d 985, 992 (7th Cir. 1988).

The plaintiff has sued "HSU staff" as a defendant. Although "HSU Staff" likely refers to specific individuals he interacted with at Dodge, it is too vague a description to provide adequate notice to those individuals of the claims against them. If the plaintiff does not know the names of the HSU staff that he claims gave him the wrong medications, he can sue them as "John Doe nurse" or "Jane Doe doctor," by providing some basic details that could help identify them. For example, the plaintiff could describe what unit he was on, where the medication line was, whether the people passing out meds were nurses, whether the person who gave him the wrong meds was a man or a woman, *etc.*

4

The plaintiff has not alleged that Miss Bowie, Lt. K. Johnson or Captain Schultz did anything specific to violate his constitutional rights. To state an Eighth Amendment claim (which is what the court assumes the plaintiff is seeking to do), the plaintiff must allege that Bowie, Johnson and Schultz demonstrated "deliberate indifference" to his serious medical condition. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). A prison official shows deliberate indifference when he or she has knowledge of the inmate's serious medical condition and either acts or fail to act in disregard of that risk. Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011). A medical condition is serious if it has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Id.

To state a claim against Bowie, Johnson or Schultz, the plaintiff must describe what medical condition he has, what they did to show deliberate indifference toward that condition and what injury he suffered as a result of their conduct. The court notes that giving the wrong medication on one single incident likely does not violate the Eighth Amendment. See Anguiano v. Schmidt, No. 18-C-142, 2018 WL 1307966, at *2 (E.D. Wis. Mar. 13, 2018) (concluding that "[the nurse's] allegedly careless act of giving Plaintiff the wrong medication, despite being warned to the contrary, does not rise to the level of deliberate indifference.").

The plaintiff also states that he "would like for HSU staff to pass out meds instead of the guards." To proceed with an Eighth Amendment claim to change prison policy, the plaintiff must allege that a decision maker at the prison knew of the risk presented by that prison policy but did not address it. See Baker v. Litscher, No. 17-CV-1275-JPS, 2017 WL 6001783, at *5 (E.D. Wis.

5

Dec. 4, 2017) ("Plaintiff's allegations support the inference that Warden Kemper knew of the risks inherent in this policy but nevertheless did not alter it, even after receiving Plaintiff's complaint directed to that issue.") The plaintiff must name the decision maker as a defendant in the case (in the caption) and must allege facts against that decision maker (in the body of the complaint).

The court will allow the plaintiff to file an amended complaint to address the problems above. The court is sending the plaintiff a blank complaint form. He should write the word "Amended" at the top of the first page, in front of the word "Complaint." He should put the case number for this case—18-cv-1493—in the line under the words "Case Number." If he knows the names of the people he wants to sue, he should list them on the first page; if he doesn't know the names, he can refer to them as John or Jane Doe. He should use the blank lines in the complaint to explain what each defendant did to him, when they did it, where, they did and how they did it. He also can explain what harm he suffered by the defendants' actions. The amended complaint takes the place of the prior complaint and must be complete in itself. The plaintiff cannot simply say, "Look at my first complaint for further information." See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). The court also is sending the plaintiff a brochure with information for people who file their own lawsuits.

The court understands that the plaintiff has been released to extended supervision. It may be that because the court delayed so long in screening his complaint and he is now out, the plaintiff may not want to proceed with his lawsuit anymore. If this is so, the plaintiff does not need to do anything. If the court doesn't receive an amended complaint from the plaintiff by the deadline the court sets below, the court will dismiss the complaint without the plaintiff

6

Case 2:18-cv-01493-PP   Filed 07/13/20   Page 6 of 8   Document 15

having to do anything else. If the plaintiff files an amended complaint by the deadline below, the court will screen it under 28 U.S.C. §1915A.

### III.  Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. The court **ORDERS** that the plaintiff must pay the $347.76 balance of the filing fee over time as he is able.

The court **ORDERS** that the plaintiff shall file an amended complaint that complies with the instructions in this decision. The court **ORDERS** that the plaintiff shall file the amended complaint in time for the court to receive it by the end of the day on **September 11, 2020**. If the court does not receive an amended complaint from the plaintiff by the end of the day on September 11, 2020, the court will dismiss the case on the next business day.

The plaintiff must submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The court includes with this order a copy of the guide entitled, "Answers

to Prisoner Litigants' Common Questions" and a blank prisoner complaint form.

Dated in Milwaukee, Wisconsin this 13th day of July, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**