UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BERNELL KELLY,

        Plaintiff,

        v.                              Case No. 18-cv-1493-bhl

DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

## ORDER

      Plaintiff Bernell Kelly, a Wisconsin state prisoner who is representing himself, seeks to pursue claims under 42 U.S.C. §1983 against various defendants associated with the Dodge Correctional Institution. On July 13, 2020, the Court entered an order screening Kelly's complaint. (ECF No. 15.) In that order, the Court ruled that Kelly had failed to allege enough facts to state claims under 42 U.S.C. §1983 and explained in detail what corrections he needed to make if he wanted to pursue his claims. (*Id*. at 3-6.) The Court gave Kelly until September 11, 2020 to file an amended complaint, correcting the problems with his initial filing. (*Id*. at 7.) When other court mail addressed to Kelly was returned as undeliverable, the Court reissued its screening order, sent it to Kelly at a corrected address, and allowed him until September 28, 2020 to file an amended complaint. (ECF No. 16.) When Kelly failed to file any amendment even by the later date, the Court dismissed his case on September 30, 2020. (ECF Nos. 17-18.)

      On October 16, 2020, Kelly finally responded, albeit more than two weeks late, explaining that he had been in jail and asking the Court to reopen his case and to allow him additional time to pursue his case. (ECF No. 20.) On October 22, 2020, the Court granted his request, reopened the case, and instructed Kelly to file an amended complaint by November 9, 2020. (ECF No. 21.) The Court warned Kelly that failure to file an amended complaint by November 9, 2020 would result in dismissal of the case on the next business day. (*Id*.)

On November 2, 2020, one week early, Kelly filed a single handwritten page indicating that he has mental health issues and wants to proceed with a "negligence" claim against unidentified persons at the Department of Corrections (DOC) for giving him the wrong medication on two occasions. (ECF No. 22.) Given Kelly's *pro se* status, the Court will treat his latest filing as a timely amended complaint. *See Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (noting that the court must construe *pro se* filings "liberally" and must hold them to a "less stringent standard than formal pleadings drafted by lawyers"). But even accepting his latest filing as an amendment to his earlier pleading, Kelly still does not adequately state a claim. As the Court explained in the prior screening orders, the DOC is not a proper defendant under 42 U.S.C. §1983, and Kelly is required to allege facts showing that specific individuals knew that they were giving him the wrong medication and deliberately disregarded the risk of harm in violation of the Eighth Amendment. (*See* ECF No. 16 at 4-7.) Kelly has not alleged this. Moreover, the claim Kelly now asks to proceed with— "negligence"— does not violate the constitution and is not the proper basis for a claim under section 1983. *See McCann v. Ogle Cnty.,* 909 F.3d 881, 886–87 (7th Cir. 2018) ("A showing of negligence or even gross negligence will not suffice."); *see also McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (citing *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)). Therefore, the Court will dismiss the case for failure to state a claim upon which relief can be granted.[1] Accordingly,

**IT IS ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief can be granted. The Court will document that Kelly has incurred a "strike" under 28 U.S.C. §1915(g) and will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this decision to the Court of Appeals for the Seventh Circuit by filing a notice of appeal in this case within thirty days of the entry of judgment. *See* Fed. R. App. P. 3, 4. The Court may extend this

---

[1] Kelly notes that he is *pro se* and his latest correspondence asks the Court to let him know "if [he] need[s] to do more." (ECF No. 22 at 2.) But the Court has already explained to Kelly in detail what he needed to do to keep his case going and also provided him with repeated opportunities to correct his pleading. Despite these extra chances, Kelly has failed to file a document that states a claim and the Court will not extend him further chances "to do more."

deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask the Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

The Court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 18th day of November, 2020.

s/ Brett H. Ludwig
Brett H. Ludwig
United States District Judge
